STATE OF NORTH CAROLINA v. BENJAMIN EDWARD PETERSON

No. 246A95-2

(Filed 3 October 1997)

**Evidence and Witnesses § 1345 (NCI4th)— first-degree murder—defendant's statements—warnings given in prior interrogation on another charge—findings that rights not invoked or waived—evidence sufficient**

Statements made by a first-degree murder defendant at an interrogation on 4 November 1992 were properly admitted as evidence where the court properly found that defendant waived his Fifth Amendment rights prior to making statements at the 4 November interrogation. The victim of the murder was found at his store on 19 September 1992; officers interviewed defendant on unrelated rape charges on 21 September; they notified him of his right to remain silent and of his right to an attorney and testified that defendant stated his willingness to speak to them without an attorney present; defendant testified that he requested that his mother and a lawyer be present during questioning; officers interviewed defendant about this murder on 4 November, while he was in jail on the rape charge; they notified defendant of his right to remain silent and of his right to an attorney; defendant initially waived his right to an attorney and stated his willingness to speak to officers; defendant made several inculpatory statements and then requested an attorney; and the officers ceased their interview when defendant requested an attorney. Although defendant contends that the evidence was not sufficient to support the finding that he waived his right to counsel on 21 September and that this request preserved his right to have counsel present at all future interrogations, even on different charges, the record contains substantial competent evidence to support the trial court's findings that defendant never invoked his Fifth Amendment rights at the 21 September interrogation and that statements made on 4 November were made after defendant had voluntarily waived such rights. Those findings are binding on appeal.

**Am Jur 2d, Evidence § 723.**

**Comment Note: Constitutional aspects of procedure for determining voluntariness of pretrial confession. 1 ALR3d 1251.**

STATE v. PETERSON

[347 N.C. 253 (1997)]

On appeal of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by Llewellyn, J., at the 7 November 1994 Criminal Session of Superior Court, New Hanover County, upon a verdict finding defendant guilty of first-degree murder, this Court remanded in part for specific findings of fact. *State v. Peterson,* 344 N.C. 172, 472 S.E.2d 730 (1996). At a hearing on 17 October 1996, Llewellyn, J., made findings of fact to support the original conclusions of law. Reheard in the Supreme Court 10 September 1997.

*Michael F. Easley, Attorney General, by Hal F. Askins, Special Deputy Attorney General, and Jeffrey R. Edwards, Associate Attorney General, for the State.*

*Nora Henry Hargrove for defendant-appellant.*

WHICHARD, Justice.

In a capital trial the jury found defendant guilty of the first-degree murder of Charles Mitchell Oakley and recommended a sentence of life imprisonment. The trial court sentenced defendant accordingly. This Court found no error in part but remanded the case for a hearing to determine whether defendant had waived his Fifth Amendment right to counsel before making inculpatory statements to the police. *State v. Peterson,* 344 N.C. 172, 177-78, 472 S.E.2d 730, 733 (1996). The trial court accordingly held a hearing and found facts to support a conclusion that defendant had waived his Fifth Amendment right to counsel. Defendant appeals from that order.

On 19 September 1992 customers of the victim's store found the victim, Charles Mitchell Oakley, incoherent and bleeding from a blow to his head that ultimately proved fatal. The customers notified the police.

On 21 September 1992 Wilmington police officers interviewed defendant on unrelated rape charges. They notified defendant of his right to remain silent and of his right to an attorney. They testified that defendant stated his willingness to speak to them without an attorney present. Defendant testified that he requested that his mother and a lawyer be present during questioning.

On 4 November 1992, while defendant was in jail on a charge of rape, Wilmington officers interviewed him about the murder in this case. They notified defendant of his right to remain silent and of his right to an attorney. Initially, defendant waived his right to an attor-

ney and stated his willingness to speak to the officers. Defendant made several inculpatory statements and then requested an attorney. The officers ceased their interview when defendant requested an attorney. The trial court admitted statements from the 4 November 1992 interrogation in the murder trial.

Defendant contends that the evidence was insufficient to support the trial court's finding that he waived his right to counsel on 21 September 1992. Defendant asserts that he invoked his Fifth Amendment right to counsel on that date and that this request preserved his right to have counsel present at all future interrogations, even those relating to different charges. Thus, defendant argues that the trial court erred in admitting his statements of 4 November 1992 because they were solicited after he invoked his right to an attorney and should have been excluded as a violation of *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694 (1966). We disagree.

The United States Supreme Court and this Court have held that once a defendant requests an attorney, law enforcement officers may no longer initiate questioning. *Edwards v. Arizona*, 451 U.S. 477, 484-85, 68 L. Ed. 2d 378, 386 (1981); *State v. Lang*, 309 N.C. 512, 521, 308 S.E.2d 317, 321-22 (1983). The trial court makes the initial determination as to whether an accused has waived his right to counsel. Its findings of fact "are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting." *State v. Eason*, 336 N.C. 730, 745, 445 S.E.2d 917, 926 (1994), *cert. denied*, 513 U.S. 1096, 130 L. Ed. 2d 661 (1995). "Conclusions of law that are correct in light of the findings are also binding on appeal." *State v. Howell*, 343 N.C. 229, 239, 470 S.E.2d 38, 43 (1996).

The record contains substantial competent evidence to support the trial court's finding that defendant never invoked his Fifth Amendment rights at the 21 September 1992 interrogation and that statements defendant made on 4 November 1992 were made after defendant had voluntarily waived such rights. Investigating officers testified as follows:

Detective Bryan Pettus testified that he stayed in the interrogation room the entire time defendant was questioned on 21 September 1992. He testified:

Q. When you talked to [defendant] on September the 21st, 1992, with Detective Hayes, he never invoked his right to an attorney at that time, did he?

A. No, sir, he did not.

Detective A.S. Hayes testified that he read defendant his rights prior to the 21 September questioning. He informed defendant of his right to remain silent and to an attorney. Defendant indicated that he understood those rights, and defendant waived those rights. Hayes testified further:

Q. Did [defendant] at any time ask you or Detective Pettus on that day, September the 21st, for an attorney?

A. No.

. . . .

Q. Did he indicate to you that he was willing to talk to you without an attorney being present?

A. Yes.

Detective Jeff Allsbrook testified that he read defendant his rights prior to the 4 November 1992 questioning. He testified:

Q. Did [defendant] ask you for an attorney after you read him the rights form?

A. Right after I read his rights, no, sir.

Q. He did not?

A. No, sir.

Q. He indicated he was willing to talk to you?

A. Yes, sir.

Q. Never asked that you call him an attorney?

A. No.

Allsbrook testified that defendant requested an attorney for the first time after defendant made several inculpatory statements. He explained that as soon as defendant said "lawyer," Allsbrook stopped questioning defendant.

The foregoing testimony supports findings that defendant was informed of his right to an attorney on both 21 September 1992 and on 4 November 1992, that he never requested an attorney on 21 September 1992, and that he requested an attorney on 4 November 1992 only after making several inculpatory statements. The record

STATE v. PETERSON

[347 N.C. 253 (1997)]

thus contains substantial competent evidence to support the trial court's findings that defendant never invoked his Fifth Amendment rights before or during the 21 September questioning. The findings are binding on this Court. *Eason*, 336 N.C. at 745, 445 S.E.2d at 926. Because the trial court properly found that defendant waived his Fifth Amendment rights prior to making statements to the police at the 4 November 1992 interrogation, those statements were properly admitted as evidence at trial.

AFFIRMED.